IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 03–cv–01955–EWN–OES

GREGORY MORRIS SANDERS,

    Plaintiff,

v.

PATRICK MULHERN, Denver Police Officer,

    Defendant.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the court on the "Recommendation of United States Magistrate Judge" filed January 20, 2005. Before the magistrate judge filed his recommendation, Defendant (on December 22, 2004) had moved for summary judgment, arguing that (1) he had qualified immunity on Plaintiff's federal claim that Defendant used excessive force in arresting him and (2) Plaintiff failed to comply with statutory notice requirements imposed by the Colorado Governmental Immunity Act upon the state tort claims asserted in Plaintiff's state cause of action. Plaintiff responded, somewhat contradictorily, by asking that the magistrate judge to stay the case and dismiss it without prejudice. The magistrate judge acceded to this request and recommended that the case be dismissed without prejudice.

Plaintiff has now objected to a recommendation that the court make the very disposition which he sought. He claims that he was "overwhelmed by having to respond to the Defendant's voluminous motion for summary judgment" and complains that he needed discovery to respond.

Meanwhile, he has never responded properly to the motion for summary judgment, continuing to claim that he is entitled to discovery.

The court does not see any good reason here why it should allow Plaintiff to reverse course and withdraw motions which the magistrate judge recommended that the court grant. It still appears that Plaintiff must remain "overwhelmed" by the motion for summary judgment, since he has not responded during the year of its pendency. That certainly has not changed.

Plaintiff's claim that he is entitled to discovery is unavailing. The court has reviewed the motion and the discovery requests. It notes, first, that Plaintiff is entitled to very limited discovery when a claim of qualified immunity is made. The discovery sought must relate only to the question of whether a clearly-established constitutional right was violated. Plaintiff has failed to persuade the court that the discovery he seeks would assist in the court's resolution of the qualified immunity issue. Plaintiff apparently wants (1) to take Defendant's deposition, (2) to get un-redacted use-of-force documents, and (3) to obtain a handwritten police report allegedly prepared by Defendant. The court fails to understand, and Plaintiff does not explain, how these documents will give him information necessary to resist the motion for summary judgment or produce anything relevant to the qualified immunity issue.

It is apparent to the court that Plaintiff's tactics are simply attempts to delay resolution of the case. To countenance such tactics would be a waste of the magistrate judge's and this court's time. Plaintiff should get what he asked for. Accordingly, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED.

2. The case is dismissed without prejudice.

3. All other pending motions are DENIED as moot.

DATED this 15th day of December, 2005.

                                              BY THE COURT:

                                              s/ Edward W. Nottingham
                                              EDWARD W. NOTTINGHAM
                                              United States District Judge